UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GERRARD D. JONES,

       Petitioner,

v.                                             Case No. 3:18-cv-390-MMH-JRK

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

       Respondents.

## ORDER

### I. Status

Petitioner Gerrard Jones, an inmate of the Florida penal system, initiated this action by mailbox rule on March 19, 2018, by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1). In the Petition, Jones does not attack his state court conviction or sentence but, instead, challenges a state court's denial of his petition for writ of mandamus concerning a prison disciplinary report (DR) and associated confinement in close management (CM). Respondents submitted an answer in opposition to the Petition. See Respondent's Response to Order to Show Cause (Response; Doc. 27) with exhibits (Resp. Ex.). Jones filed a brief in reply. See Petitioner's Reply to Respondents' Answer to Petitioner's Habeas Petition (Reply; Doc. 28). This case is ripe for review.

## II. Procedural History

On July 13, 2015, prison staff wrote a DR against Jones for disobeying an order. Resp. Ex. A. Specifically, the DR alleged that Jones failed to abide by the library technician's order that he needed to file all six of his legal deadlines with an inmate law clerk. Id. The DR reflects that a similar situation had occurred more than once with Jones. Id. On July 21, 2015, following an investigation that afforded Jones the opportunity to present evidence, prison officials found Jones guilty of disobeying the order. Id. As a result, Jones was placed in disciplinary confinement for thirty days. Id.

That same day, Jones filed a Request for Administrative Remedy or Appeal. Resp. Ex. B. Jones sought to appeal the DR because it did not afford him due process because the mental health department was not consulted or given the opportunity to provide input. Id. He contended he was "a mentally impaired inmate," and, therefore, protected by the Americans with Disabilities Act (ADA) Id. As such, he claimed in his appeal that the ADA and prison regulations required prison officials to first consult with the prison's mental health department. Id. Jones also argued that the library technician never actually gave him an order, merely a reminder. Id. He raised additional due process concerns, including a claim that he had previously given his legal deadlines to prison staff that included his case numbers, but that prison staff never returned his document with the case numbers to him so he could not

abide by the library technician's order that day. Id. The Warden denied the Request for Administrative Remedy or Appeal, finding that the regulations regarding mentally impaired inmates did not apply to Jones because he was housed in open population and did not meet the criteria for consideration under the mental health regulations. Id. The Warden also concluded that Jones has failed to present any evidence or information not already considered or that would change the outcome of the disciplinary hearing. Id. Jones appealed the Warden's denial of his Request for Administrative Remedy or Appeal to the Secretary of the Florida Department of Corrections. Id. However, that appeal was also denied, finding that Jones failed to present sufficient evidence or information to warrant overturning the DR. Id.

On September 20, 2015, Jones filed a pro se petition for writ of mandamus in state circuit court, in which he requested that the circuit court expunge his DR based on the same arguments he raised during his administrative appeal. Resp. Ex. C. On December 21, 2015, the circuit court dismissed the petition because Jones failed to comply with a court order to provide the clerk with information in support of Jones' request to proceed in forma pauperis. Resp. Ex. D. Jones appealed to Florida's First District Court of Appeal (First DCA) but that court initially dismissed the appeal because he failed, again, to comply with the indigency requirements of Florida law. Thereafter, Jones filed three motions requesting to reinstate his appeal and for

rehearing. Resp. Ex. E. On May 17, 2016, the First DCA denied Jones' motions, noting that he was required under Florida law to provide documentation in support of his request to proceed as an indigent on appeal. Id. Eventually, Jones complied with Florida's in forma pauperis requirements and the First DCA reinstated his appeal. After review, the First DCA per curiam affirmed the circuit court's dismissal without prejudice of Jones' petition for writ of mandamus. Resp. Ex. F.

### III. One-Year Limitations Period

This action was timely filed within the one-year limitations period. See 28 U.S.C. § 2244(d).

### IV. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for a federal evidentiary hearing. See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007); Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318-19 (11th Cir. 2016), cert. denied, 137 S. Ct. 2245 (2017). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary

4

hearing." Schriro, 550 U.S. at 474. The pertinent facts of this case are fully developed in the record before the Court. Because the Court can "adequately assess [Jones'] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing will not be conducted.

## V. Governing Legal Principles

### A. Standard of Review

When a petitioner seeks to review a DR but is also a state prisoner, the petition is governed by both 28 U.S.C. § 2241 and 28 U.S.C. § 2254. Medberry v. Crosby, 351 F.3d 1049, 1054 (11th Cir. 2003). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs a state prisoner's federal petition for habeas corpus. See Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 137 S. Ct. 1432 (2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" Id. (quoting Greene v. Fisher, 565 U.S. 34, 38 (2011) (quotation marks omitted)). As such, federal habeas review of final state court decisions is "'greatly circumscribed' and 'highly deferential.'" Id. (quoting Hill v. Humphrey, 662 F.3d 1335, 1343 (11th Cir. 2011) (quotation marks omitted)).

5

The first task of the federal habeas court is to identify the last state court decision, if any, that adjudicated the claim on the merits. See Marshall v. Sec'y, Fla. Dep't of Corr., 828 F.3d 1277, 1285 (11th Cir. 2016). The state court need not issue a written opinion explaining its rationale in order for the state court's decision to qualify as an adjudication on the merits. See Harrington v. Richter, 562 U.S. 86, 100 (2011). Where the state court's adjudication on the merits is unaccompanied by an explanation, the United States Supreme Court has instructed:

> [T]he federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning.

Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018). The presumption may be rebutted by showing that the higher state court's adjudication most likely relied on different grounds than the lower state court's reasoned decision, such as persuasive alternative grounds that were briefed or argued to the higher court or obvious in the record it reviewed. Id. at 1192, 1196.

If the claim was "adjudicated on the merits" in state court, § 2254(d) bars relitigation of the claim unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented

6

in the State court proceeding." 28 U.S.C. § 2254(d); Richter, 562 U.S. at 97-98. The Eleventh Circuit describes the limited scope of federal review pursuant to § 2254 as follows:

> First, § 2254(d)(1) provides for federal review for claims of state courts' erroneous legal conclusions. As explained by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000), § 2254(d)(1) consists of two distinct clauses: a "contrary to" clause and an "unreasonable application" clause. The "contrary to" clause allows for relief only "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413, 120 S. Ct. at 1523 (plurality opinion). The "unreasonable application" clause allows for relief only "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.
>
> Second, § 2254(d)(2) provides for federal review for claims of state courts' erroneous factual determinations. Section 2254(d)(2) allows federal courts to grant relief only if the state court's denial of the petitioner's claim "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has not yet defined § 2254(d)(2)'s "precise relationship" to § 2254(e)(1), which imposes a burden on the petitioner to rebut the state court's factual findings "by clear and convincing evidence." See Burt v. Titlow, 571 U.S. ---, ---, 134 S. Ct. 10, 15, 187 L.Ed.2d 348 (2013); accord Brumfield v. Cain, 576 U.S. ---, ---, 135 S. Ct. 2269, 2282, 192 L.Ed.2d 356 (2015). Whatever that "precise relationship" may be, "'a state-court factual

7

> determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'"[1] Titlow, 571 U.S. at ---, 134 S. Ct. at 15 (quoting Wood v. Allen, 558 U.S. 290, 301, 130 S. Ct. 841, 849, 175 L.Ed.2d 738 (2010)).

Tharpe v. Warden, 834 F.3d 1323, 1337 (11th Cir. 2016), cert. denied, 137 S. Ct. 2298 (2017). Also, deferential review under § 2254(d) generally is limited to the record that was before the state court that adjudicated the claim on the merits. See Cullen v. Pinholster, 563 U.S. 170, 182 (2011) (stating the language in § 2254(d)(1) "requires an examination of the state-court decision at the time it was made").

Thus, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." Burt v. Titlow, 134 S. Ct. 10, 16 (2013). "Federal courts may grant habeas relief only when a state court blundered in a manner so 'well understood and comprehended in existing law' and 'was so lacking in justification' that 'there is no possibility fairminded jurists could disagree.'" Tharpe, 834 F.3d at 1338 (quoting Richter, 562 U.S. at 102-03). This standard is "meant to be" a "difficult" one to meet. Richter, 562 U.S. at 102. Thus, to the extent that the petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under 28 U.S.C. § 2254(d).

---

[1] The Eleventh Circuit has described the interaction between § 2254(d)(2) and § 2254(e)(1) as "somewhat murky." Clark v. Att'y Gen., Fla., 821 F.3d 1270, 1286 n.3 (11th Cir. 2016), cert. denied, 137 S. Ct. 1103 (2017).

8

Prison disciplinary proceedings are not part of a criminal prosecution, and, therefore, the full panoply of rights that are due a defendant in a criminal proceeding do not apply in prison disciplinary proceedings. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). However, inmates are entitled to due process protections. Id. Those protections include: (1) written notice of the charges at least 24 hours before a hearing to enable the inmate to prepare a defense; (2) an opportunity to call witnesses and present documentary evidence if doing so is not an undue hazard to institutional safety; and (3) a written explanation of the evidence relied on and reasons for disciplinary actions. Id. However, an inmate does not have a right to confrontation and cross-examination, or a right to counsel. Id. at 567, 570.

Additionally, in the disciplinary context, a decision comports with the requirements of procedural due process when there is "some evidence" to support the fact finder's disciplinary decision. Superintendent, Mass. Corr. Institution v. Hill, 472 U.S. 445 (1985). In other words, the relevant question is whether "any evidence" supports the conclusion reached by the prison officials. Id. at 455-56; Young v. Jones, 37 F.3d 1347, 1460 (11th Cir. 1994). Notably, the scope of this Court's review of prison disciplinary actions is limited. Hill, U.S. at 455-56; Young, 37 F.3d at 1460. It does not require an examination of the "entire record" or reweighing the evidence. Hill, 472 U.S. at 455-56. "The clear implication of Hill is that courts are not to conduct

exhaustive reviews of findings of prison disciplinary panels." O'Bryant v. Finch, 637 F.3d 1207, 1214 (11th Cir. 2011).

## B. Exhaustion

There are prerequisites to federal habeas review. While exhaustion of administrative remedies is not a jurisdictional requirement in § 2241 proceedings, a petitioner seeking habeas relief is still subject to the administrative exhaustion requirements. Santiago-Lugo v. Warden, 785 F.3d 467, 474-75 (11th Cir. 2015). Indeed, courts cannot "disregard a failure to exhaust . . . if the respondent properly asserts the defense." Id. at 475. As it relates to a § 2254 habeas action, a petitioner must exhaust all state court remedies that are available for challenging his state conviction. See 28 U.S.C. § 2254(b)(1)(A). To exhaust state remedies, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. Castille v. Peoples, 489 U.S. 346, 351 (1989) (emphasis omitted). Thus, to properly exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

In addressing exhaustion, the United States Supreme Court explained:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the

10

> "'"opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L.Ed.2d 438 (1971)). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. Duncan, supra, at 365-366, 115 S. Ct. 887; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L.Ed.2d 1 (1999).

Baldwin v. Reese, 541 U.S. 27, 29 (2004).

A state prisoner's failure to properly exhaust available state remedies results in a procedural default which raises a potential bar to federal habeas review. The United States Supreme Court has explained the doctrine of procedural default as follows:

> Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. See, e.g., Coleman,[2] supra, at 747–748, 111 S. Ct. 2546; Sykes,[3] supra, at 84–85, 97 S. Ct. 2497. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal

---

[2] Coleman v. Thompson, 501 U.S. 722 (1991).
[3] Wainwright v. Sykes, 433 U.S. 72 (1977).

11

> review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. See, e.g., Walker v. Martin, 562 U.S. --, --, 131 S. Ct. 1120, 1127–1128, 179 L.Ed.2d 62 (2011); Beard v. Kindler, 558 U.S. --, --, 130 S. Ct. 612, 617–618, 175 L.Ed.2d 417 (2009). The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. See Coleman, 501 U.S., at 750, 111 S. Ct. 2546.

Martinez v. Ryan, 132 S. Ct. 1309, 1316 (2012). Thus, procedural defaults may be excused under certain circumstances. Notwithstanding that a claim has been procedurally defaulted, a federal court may still consider the claim if a state habeas petitioner can show either (1) cause for and actual prejudice from the default; or (2) a fundamental miscarriage of justice. Ward v. Hall, 592 F.3d 1144, 1157 (11th Cir. 2010). In order for a petitioner to establish cause,

> the procedural default "must result from some objective factor external to the defense that prevented [him] from raising the claim and which cannot be fairly attributable to his own conduct." McCoy v. Newsome, 953 F.2d 1252, 1258 (11th Cir. 1992) (quoting Carrier, 477 U.S. at 488, 106 S. Ct. 2639).[4] Under the prejudice prong, [a petitioner] must show that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." Id. at 1261 (quoting Carrier, 477 U.S. at 494, 106 S. Ct. 2639).

---

[4] Murray v. Carrier, 477 U.S. 478 (1986).

12

Wright v. Hopper, 169 F.3d 695, 706 (11th Cir. 1999).

In the absence of a showing of cause and prejudice, a petitioner may receive consideration on the merits of a procedurally defaulted claim if the petitioner can establish that a fundamental miscarriage of justice, the continued incarceration of one who is actually innocent, otherwise would result. The Eleventh Circuit has explained:

> [I]f a petitioner cannot show cause and prejudice, there remains yet another avenue for him to receive consideration on the merits of his procedurally defaulted claim. "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." Carrier, 477 U.S. at 496, 106 S. Ct. at 2649. "This exception is exceedingly narrow in scope," however, and requires proof of actual innocence, not just legal innocence. Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001).

Ward, 592 F.3d at 1157. "To meet this standard, a petitioner must 'show that it is more likely than not that no reasonable juror would have convicted him' of the underlying offense." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). Additionally, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." Calderon v. Thompson, 523 U.S. 538, 559 (1998) (quoting Schlup, 513 U.S. at 324). With the rarity of such evidence, in most cases,

13

allegations of actual innocence are ultimately summarily rejected. Schlup, 513 U.S. at 324.

## VI. Findings of Fact and Conclusions of Law

In the Petition, Jones maintains that he is mentally impaired and is protected under the ADA. Petition at 3. He asserts that pursuant to prison regulations, officials were required to consult with a mental health staff member as part of the disciplinary proceedings, but they failed to do so in violation of FDOC Rule 33-404.108(1). Id. As a result, Jones claims that he was placed in CM, which led to him losing 364 days of gain time. Id. at 7. Therefore, Jones contends that prison staff violated his due process rights. Id. at 3. Jones avers that he raised this same issue in his petition for writ of mandamus in state court but the circuit court dismissed his petition because he failed to pay the filing fee or move to proceed in forma pauperis. Id. at 4. According to Jones, he was exempt from paying the filing fee because he was seeking to overturn a DR. Id. As such, he argues that the circuit court erred in dismissing his petition for writ of mandamus and erred in charging him the filing fee. Id. at 5. Jones further argues that the circuit court erred in construing his petition as "mixed" because he raised an ADA claim. Id.

Respondents, in turn, argue that Jones failed to properly exhaust this claim under § 2254 because the circuit court never reached the merits due to Jones' failure to abide by the required procedures. Response at 6-8. They note

14

that the petition for writ of mandamus was dismissed without prejudice due to Jones' failure to comply with Florida's in forma pauperis requirements and the appeal before the First DCA was limited to the dismissal of the petition on these procedural grounds. Id. Even if properly exhausted, Respondents contend that Jones has failed to establish a due process violation because he has not demonstrated a liberty interest in light of the fact that the DR did not result in the loss of gain time. Id. at 8-11. Additionally, Respondents maintain that Jones' claim is moot in light of the fact that he has completed his time on disciplinary confinement and CM. Id. at 11-12.

Upon review, the Court finds that Jones has failed to exhaust this claim under § 2254 because the First DCA dismissed his petition for writ of mandamus on procedural grounds and Jones did not afford the state court the opportunity to address the merits of his claim. See Martinez, 132 S. Ct. at 1316 ("A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed."). Florida has two statutes addressing indigent plaintiffs, Florida Statutes section 57.081, (the general indigency statute) and Florida Statutes section 57.085, (the prisoner indigency statute). Both criminal and collateral criminal proceedings are exempt from the latter statute. § 57.085(10), Fla. Stat. The Florida Supreme

15

has held that a petition for writ of mandamus seeking to challenge the reduction of gain time as a result of a DR, constitutes a criminal collateral proceeding for purposes of section 57.085. Schmidt v. Crusoe, 878 So. 2d 361 (Fla. 2003). This holding applies only to mandamus petitions challenging the revocation of gain time. Schmidt v. McDonough, 951 So. 2d 797, 803 (Fla. 2006). Moreover, where a petition is "mixed," containing both a gain time claim and a civil claim, "the petition itself is subject to the prepayment and lien requirements of the prisoner indigency statute." Id. Notably, even if a petition for mandamus raises a gain time claim, "the claim remains subject to the certification requirements of the general indigency statute." Id. Here, Jones did not lose gain time as a result of his DR. Resp. Ex. A. As such, his petition was not exempt from the requirements of section 57.085. See McDonough, 951 So. 2d at 803. Even if it was exempt, Jones was still subject to the certification requirements of section 57.081. See id. Contrary to Jones' allegations otherwise, whether or not he was exempt from prepayment and lien requirements of section 57.085, he was still required to pay a filing fee. See id. Accordingly, the state court relied on a nonfederal, firmly established, and consistently followed procedural rule in dismissing the petition, and, therefore, Jones' claims are unexhausted. See Martinez, 132 S. Ct. at 1316.

Even if properly exhausted, Jones has failed to establish a due process violation because he has not demonstrated the existence of a liberty interest in

16

light of the fact he did not lose gain time as a result of the DR he challenges here. See Sandin v. Conner, 515 U.S. 472 (1995) (holding thirty days of disciplinary segregation did not give rise to a protected liberty interest). Although Jones alleges he lost 364 days of gain time, the record refutes this claim because the only punishment he received for the DM he challenges in the Petition was a thirty-day period of disciplinary confinement. Resp. Ex. A. Moreover, Jones has not alleged that he was not provided written notice of the charges at least 24 hours before the hearing; given an opportunity to call witnesses and present documentary evidence, or given a written explanation of the evidence relied on and reasons for disciplinary actions. Accordingly, he has not established the existence of a due process violation. See Wolff, 418 U.S. at 556. To the extent Jones challenges his disciplinary confinement, that issue is now moot as he is no longer serving time in disciplinary confinement as a result of the DR he challenges here. See Medberry, 351 F.3d at 1053-54 (state prisoner's habeas petition, challenging placement on close management status because of disciplinary problems, was moot where it was not filed until more than one year after he was released from close management). Accordingly, for the above stated reasons, Jones' Petition is due to be denied.

## VII. Certificate of Appealability

## Pursuant to 28 U.S.C. § 2253(c)(1)

If Jones seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Jones "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon

18

consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DENIED WITH PREJUDICE**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3. If Jones appeals the denial of the Petition, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of April, 2021.

*[signature: Marcia Morales Howard]*
**MARCIA MORALES HOWARD**
United States District Judge

Jax-8

C:   Gerrard D. Jones #503034
     Counsel of record